UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

LYLE FREDERICK WOLF Jr.                                                           CASE NO. 11-51327
SHERRI HENRY WOLF

DEBTORS

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court holds that the Chapter 7 Trustee may not enforce the non-dischargeable priority claim of the Internal Revenue Service (IRS) by disbursing the Debtors' exempt proceeds to the IRS.

PROCEDURAL POSTURE

The Chapter 7 Trustee's Motion to Disburse Funds to the IRS ("Motion") [DOC 44] requests authorization to disburse the Debtors' exempt sale proceeds in the amount of $21,331.00 to the IRS citing as authority 11 U.S.C. § 522(c)(1), In re Covington, 368 B.R. 38 (Bankr. E.D. Cal. 2006), In re Bozeman, 376 B.R. 813 (Bankr. W.D. Ky. 2007), and Davis v. Davis (In re Davis), 170 F.3d 475 (5th Cir. 1999).

The Debtors filed an Objection to the Motion [DOC 55] arguing that the Covington and Bozeman cases cited by the Chapter 7 Trustee permit the holders of certain tax debts and domestic support obligations to pursue a debtor's exempt assets to satisfy their claims, but do not give a chapter 7 trustee the authority to pursue those exempt assets for the benefit of the creditor. The IRS has not taken a position in this contested matter.

FACTS. The facts are not in dispute.

On May 4, 2011, the Debtors filed their voluntary Chapter 7 petition [DOC 1]. On Schedule C of the petition, the Debtors claimed an exemption in real property in the amount of $10,100.00 under 11 U.S.C. § 522(d)(1), and $11,231.00 under 11 U.S.C. § 522(d)(5). No

1

objections to the exemptions have been filed.

On July 11, 2011, the IRS filed a proof of claim [POC 5-1] in the total amount of $50,650.61, $46,626.33 of which was claimed as entitled to priority under 11 U.S.C. § 507(a)(8). No objections have been filed to the proof of claim.

On September 28, 2011, an order was entered allowing the Chapter 7 Trustee to sell the real property in which Debtors claimed an exemption in [DOC 40]. Following payment of expenses of sale and liens, the Chapter 7 Trustee estimates that approximately $42,000.00 will remain from the sale proceeds and be subject to the Debtors' claimed exemption.

As a result of an apparent informal request by the IRS to the Trustee, see Motion paragraph 2, the Trustee now seeks to disburse the Debtors' exempt sales proceeds, $23,331.00, to the IRS to pay a portion of the IRS' priority claim.

CONCLUSIONS OF LAW

Section 522(c)(1) of the Bankruptcy Code provides generally that exempt property is not liable during or after the case for pre-petition debts except a debt specified in 523(a)(1) or 523(a)(5). Here, the relevant section is 523(a)(1) which provides that a discharge under section 727 does not discharge an individual debtor from any debt for a tax of the kind and for the periods specified in 507(a)(8). Both the Chapter 7 Trustee and the Debtors agree that a holder of a non-dischargeable tax claim is permitted to enforce its claim against exempt property. The only dispute is whether the Chapter 7 Trustee may enforce the claim on behalf of the taxing agency.

The cases cited by the Chapter 7 Trustee do not help his argument; but rather, support the general conclusion that a *holder* of a non-dischargeable tax claim or domestic support obligation may enforce the claim against otherwise exempt property. The Trustee is not such a holder. Specifically, in Covington the Court held, *inter alia*, that a trustee may not liquidate exempt property to pay a domestic support obligation under section 523(a)(5). Covington, supra at 40.

Reviewing similar holdings in cases addressing non-dischargeable taxes, the Court noted that there may be applicable non-bankruptcy law which may provide exemptions "apart from Section 522;" and thus, it is appropriate that the claim holder, instead of the bankruptcy trustee, enforce the obligation in a non-bankruptcy forum. In support of its reasoning, the Covington court expressly discussed the exemptions from levy provided by the Internal Revenue Code, 26 U.S.C. § 6334. Id. at 41.

In Bozeman, the Court held that holders of domestic support obligations under section 523(a)(5) are not barred from pursuing exempt assets to satisfy their claims, but that section 522(c)(1) does not limit a debtor's right to claim the exemption. Bozeman, supra at 814. The Court in Bozeman said nothing about a trustee's right to unilaterally distribute exempt assets to satisfy a creditor's claim described in section 522(c)(1).

Similarly, the Fifth Circuit expressly rejected a construction of section 522(c)(1) which would " 'create' 'liability' of exempt property for specified debts following bankruptcy. Instead, the section permits creditors holding such claims to proceed against the property after bankruptcy based on the rights and remedies they would have had under state law if bankruptcy had not been filed." Davis, supra at 481.

Merely because exempt property may be liable for priority tax claims does not negate other protections or rules which applicable non-bankruptcy law may provide. Just as it is improper for a trustee to administer an asset unless it will produce a return for the estate (*see* generally Covington, supra at 40-41), it is improper for the Trustee to thrust himself into the two-party dispute between the Debtors and the IRS regarding the extent of the IRS' claim to the Debtor's exempt property (in which the estate has no interest), a controversy that essentially has the Trustee standing in the shoes of the creditor. "The trustee in a case under this title is the representative of the estate." 11 U.S.C. § 323. "The trustee shall – collect and reduce to money the property of the estate . . ." 11 U.S.C. § 704(a)(1). "Exempt property is property of the estate

3

which a chapter 7 trustee cannot liquidate or distribute to creditors holding allowed claims, because it has been withdrawn from the estate for the benefit of the debtor." In re Ruppel, 368 B.R. 42, 43-44 (Bankr. D. Or. 2007) (citation omitted, emphasis supplied). The Chapter 7 Trustee has provided no support for his argument that he may enforce the priority claim of the IRS by distributing Debtor's exempt assets.

The Chapter 7 Trustee's Motion to Disburse Funds to the IRS [DOC 44] is hereby DENIED.

Copy to:

Debtors
Ryan R. Atkinson, Esq.
Stephen Barnes, Esq.

4

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Friday, January 06, 2012
(tnw)**