UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

LYLE FREDERICK WOLF Jr.                                             CASE NO. 11-51327
SHERRI HENRY WOLF

DEBTORS

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court holds that the Chapter 7 Trustee is authorized and directed to comply with a federal tax levy from Debtors' exempt funds which are no longer property of the estate.

PROCEDURAL POSTURE

The Chapter 7 Trustee's Amended Motion to Pay Federal Tax Levy ("Motion") [Doc. 73] requests authorization to pay a federal tax levy from the Debtors' exempt sale proceeds in the amount of $17,090.33 to the Internal Revenue Service ("IRS").

The Debtors filed an Objection to the Motion [Doc. 77] arguing that the Trustee has wrongfully held the Debtors exempt funds and therefore the Debtors are entitled to receive their exempt funds prior to the execution of the IRS levy.

FACTS. The facts are not in dispute and some procedural background is necessary to a full understanding of the current dispute.

On May 4, 2011, the Debtors filed their voluntary Chapter 7 petition [DOC 1]. On Schedule C of the petition, the Debtors claimed an exemption in real property in the amount of $10,100.00 under 11 U.S.C. § 522(d)(1), and $11,231.00 under 11 U.S.C. § 522(d)(5). No objections to the exemptions have been filed.

On June 13, 2011, the 341 meeting of creditors was concluded [Doc. 9].

On July 11, 2011, the IRS filed a proof of claim [POC 5-1] in the amount of $50,650.61,

1

$46,626.33 of which was claimed as entitled to priority under 11 U.S.C. § 507(a)(8). No objections have been filed to the proof of claim. The proof of claim has not been amended.

On September 28, 2011, an order was entered allowing the Chapter 7 Trustee to sell the real property in which Debtors claimed an exemption in [DOC 40]. Following payment of expenses of sale and liens, the Chapter 7 Trustee estimates that approximately $42,000.00 of sale proceeds will be available from which the Debtors' claimed exemption may be satisfied.

On October 13, 2011, the Chapter 7 Trustee filed a Motion to Disburse Funds to the IRS ("First Motion to Disburse") [Doc. 44] seeking authorization to disburse the Debtors' exempt sale proceeds to the IRS due to an informal request by the IRS [Doc 44, ¶2].

On January 6, 2012, the Court entered a Memorandum Opinion and Order [Doc. 61] denying the First Motion to Disburse finding that the Trustee may not enforce the priority claim of the IRS by distributing Debtor's exempt assets to a creditor.

On January 31, 2012, the IRS filed a Motion to Distribute Exempt Proceeds ("IRS Motion") [Doc. 62] arguing that while it has not filed a notice of federal tax lien, that it has a valid lien on exempt proceeds. The IRS Motion sought the same relief as the First Motion to Disburse (although brought by the creditor IRS, not the Trustee) and was denied on March 15, 2012 [Doc 70]. That day, the IRS served a levy on the Chapter 7 Trustee who filed the Motion at issue herein seeking authorization to honor the levy from the Debtors' exempt sales proceeds.

The Debtors object to the Motion [Doc. 77] arguing that the Trustee has wrongfully held the Debtors' exempt funds. Following a hearing on May 10, 2012, the Court took the Motion under submission.

CONCLUSIONS OF LAW

The parties agree that a holder of a non-dischargeable tax claim is permitted to enforce its claim against exempt property. The only dispute is whether the Chapter 7 Trustee may distribute exempt funds to the IRS pursuant to a federal tax levy.

Section 522(l) provides generally that a debtor shall file a list of exempt property and unless objected to, the property claimed as exempt is exempt. 11 U.S.C. §522(l). Bankruptcy Rule 4003(b)(1) gives a party 30 days after the §341 meeting of creditors is concluded within which to object to a claimed exemption. Fed. R. Bankr. P. 4003(b)(1).

Property of the estate that is claimed as exempt ceases being property of the estate once the deadline to object passes without an objection being filed. Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). Here, the §341 meeting of creditors was concluded on June 13, 2011, and there were no objections to Debtors' claimed exemptions. Thus, the $21,331.00 of sales proceeds that Debtors claimed as exempt are exempt and ceased being property of the estate on July 13, 2011. "The exempted property automatically revests with the debtor so that he may proceed with his fresh start." In re Anderson, 357 B.R. 452, 460 (Bankr. W.D. Mich. 2006). The Sixth Circuit Bankruptcy Appellate Panel *affirming* Anderson wrote: "A properly filed exemption removes property from the bankruptcy estate, and consequently from the reach of creditors and the bankruptcy trustee." In re Anderson, 377 B.R. 865, 874 (6th Cir. BAP 2007) *abrogated on other grounds by* Schwab v. Reilly, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010).[1]

In the Chapter 13 context, courts have reached different conclusions as to whether funds should be returned to the debtor or paid to the government pursuant to a levy/garnishment following dismissal without confirmation of a plan. Those courts attempt to reconcile the levy and Internal Revenue Code provisions (e.g., 26 U.S.C. §6334) with Bankruptcy Code section

---

[1] Schwab held that a trustee had no obligation to file an objection to an exemption claim where the debtor's claim of exemption was within the dollar limits set by Section 522(d), and debtor had not assigned a value to her interest in the equipment on Schedule C or otherwise made clear her intention to exempt her entire interest. *See generally* 4 COLLIER ON BANKRUPTCY ¶ 522.05[2][d] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012). Schwab is not applicable here as the Debtors' claimed exemption in the sale proceeds does not involve exempting an asset itself or exempting the full market value of an asset in kind.

1326(a)(2) which provides: ". . . If a plan is not confirmed, the trustee shall return any such payments . . . to the debtor." 11 U.S.C. §1326(a); *compare* In re Pruitt, 2008 WL 2079145 (Bankr. M.D. Ala.) *with* In re Sexton, 397 B.R. 375 (Bankr. M.D. Tenn. 2008).

Here, there is no such statutory impediment to compliance by the Trustee with the IRS levy. While the order denying the First Motion to Disburse provided ample authority for the Trustee to disburse the exempt proceeds to the Debtors, the Debtors have likewise had ample opportunity to seek distribution of the exempt funds. The Chapter 7 Trustee is still holding the exempt sale proceeds, and the levy by the IRS does not violate the stay because the funds are no longer property of the estate. 11 U.S.C. §362(c)(1).

The Chapter 7 Trustee's Amended Motion to Pay Federal Tax Levy [Doc. 73] is hereby GRANTED.

Copy to:

Debtors
Ryan R. Atkinson, Esq.
Stephen Barnes, Esq.

4

---



*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*

**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Tuesday, May 22, 2012
(tnw)**